**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Aaron Roth, | ) | No. CV-09-0355-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Maricopa County, | ) | |
| Defendant. | ) | |

**I**

This is an action for sex discrimination and retaliation. The court has before it defendant Maricopa County's motion for summary judgment (doc. 32), plaintiff Aaron Roth's response (doc. 35) and defendant's reply (doc. 37).

**I**

We briefly review the facts of the case, taking undisputed facts as true and considering disputed facts in the light most favorable to plaintiff. Anthoine v. North Central Counties Consortium, 605 F.3d 740, 745 (9th Cir. 2010). Plaintiff was and is an employee of the Maricopa County Department of Public Health. From September, 2004 to June, 2007, Dr. Diane Cox was his immediate supervisor. Several times during his employment, plaintiff asked Dr. Cox about the possibility of reclassifying his job to a higher level of pay responsibility, but without success. In April, 2007, plaintiff received an evaluation from Dr. Cox that he considered unjustly critical. Plaintiff then met with Human Resources Specialist

1 Bryan Church, and complained that Dr. Cox was sexually discriminating against him.
2 Church gave plaintiff a complaint documentation form, which plaintiff never completed.
3 Plaintiff appealed his evaluation to Dr. Cox's supervisor, who did not substantially change
4 the evaluation. In early May, 2007, plaintiff began looking for a new job, and on May 29,
5 2007, he accepted a different position within the Department of Public Health, under a new
6 supervisor. Also on May 29, 2007, the human resources specialist for plaintiff's new
7 position advised Church that plaintiff's last day in his current job would be June 15, 2007,
8 and that he would begin his new job on June 18, 2007. On June 4, 2007, plaintiff delivered
9 a formal resignation letter to Dr. Cox and tendered his two weeks notice.

10 As of May 29, 2007, Church knew that the Maricopa County Office of Management
11 and Budget (the "Compensation Section") had reclassified plaintiff's first position, and that
12 the salary for the position would increase. Church was aware that letters were being prepared
13 for affected employees, which their supervisors would distribute June 5 or 6, 2007.
14 According to Church, a Compensation Section employee told him that because plaintiff
15 would no longer be in his position on June 22, the date of the first increased pay checks,
16 plaintiff should not receive a reclassification letter. Church then had plaintiff removed from
17 the reclassification spreadsheet, and consequently, plaintiff did not receive a reclassification
18 letter. Plaintiff learned of the reclassification after he had started in his new position, and he
19 asked Church about returning to his old job. Church told plaintiff he would need his new
20 supervisor's permission and that he would have to interview with other applicants. Plaintiff
21 did not apply.

22 On October 4, 2007, plaintiff filed an EEOC charge of sex discrimination by Dr. Cox.
23 On December 12, 2007, plaintiff filed an amended charge to include retaliation. The EEOC
24 did not find discrimination or retaliation.

**II**

26 Plaintiff's first claim is for sexual discrimination in violation of 42 U.S.C. § 2000e-
27 2(a). Plaintiff now agrees that summary judgment is appropriate for his sex discrimination
28 claim because he has no evidence that Dr. Cox took adverse action against him, made

1 unwelcome remarks or actions of a sexual nature, or disparaged him on account of his sex. Response at 4. We therefore grant defendant's motion for summary judgment on plaintiff's sexual discrimination claim.

**III**

Plaintiff's second claim is for retaliation in violation of 42 U.S.C. § 2000e-3(a). To survive a motion for summary judgment, plaintiff must establish a prima facie case of retaliation by showing that: (1) plaintiff engaged in activity protected under Title VII; (2) the employer subjected him to an adverse employment decision; and (3) there was a causal link between the protected activity and the employer's adverse action. Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493, 506 (9th Cir. 2000). If plaintiff makes a prima facie case, "the employer must articulate a legitimate, nondiscriminatory reason for the challenged action." Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). If the employer satisfies this burden, plaintiff must then show that the employer's reason is pretextual. Id.

For purposes of the motion for summary judgment, defendant assumes that plaintiff engaged in protected activity. Motion for Summary Judgment at 11. We therefore assume that plaintiff's sex discrimination complaint constitutes protected activity.

Defendant argues that there is no evidence of an adverse action or that the protected activity is causally linked to an adverse action. An adverse employment action is "any adverse treatment that is based on a retaliatory motive and is reasonably likely to deter the charging party or others from engaging in protected activity." Poland v. Chertoff, 494 F.3d 1174, 1180 (9th Cir. 2007). Plaintiff claims that because of his sex discrimination complaint, Church took actions to ensure that plaintiff would not know his job had been reclassified, which caused him to forego a substantial pay raise. Plaintiff contends that this constitutes an adverse employment action against him. Because plaintiff has offered no evidence of retaliation by Dr. Cox, and makes no reference to her in his response to defendant's motion for summary judgment, we only consider Church's actions.

According to plaintiff, had Church not interfered after he heard of plaintiff's

resignation, plaintiff would have received the reclassification letter and been able to decide for himself whether he wanted to stay in his old job. The evidence does not support this contention. Plaintiff first announced his departure on May 29, 2007, and officially resigned effective June 4, 2007. The letters were to go out to affected employees on June 5 and 6, 2007. Therefore, even had Church left plaintiff on the reclassification list, plaintiff would likely not have learned about the reclassification until after he had formally resigned.

Therefore, plaintiff must argue that Church should have notified him of the reclassification before the letters were to go out. However, plaintiff has not suggested that Church had any duty to do so, and there is no evidence of such a duty. Further, plaintiff has introduced no evidence to contradict defendant's claim that the Compensation Section had told Church to not tell anyone of the reclassifications until the letters went out, or to refute Church's statement that a Compensation employee told Church to remove plaintiff from the reclassification list due to his resignation. Additionally, plaintiff's contention that Church was aware that plaintiff had previously inquired about reclassification, and so knew the significance of the reclassification to plaintiff, is irrelevant. Even if true, it imposes no duty on Church to share reclassification news ahead of schedule, and possibly in violation of an office-wide policy.

We conclude that plaintiff cannot show there was an adverse action against him. Plaintiff has provided no evidence that Church did anything beyond follow orders and protocol in handling plaintiff's resignation. Plaintiff cannot prove that Church's failure to extend special treatment or defy office policy in order to prevent plaintiff from voluntarily resigning is based on retaliatory motive or likely to deter protected action. Plaintiff has introduced no evidence to suggest he is the victim of anything more than unfortunate timing. Plaintiff's own decision to change jobs triggered a sequence of events that may have dissatisfied plaintiff, but do not constitute evidence of any adverse action against him.

**IV**

We conclude that because plaintiff has not provided evidence of adverse employment action by defendant, he cannot make a prima facie case of retaliation. Therefore, **IT IS**

1 | **ORDERED GRANTING** defendant's motion for summary judgment (doc. 32).
2 | DATED this 4th day of August, 2010.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge