**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Aaron Roth,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Maricopa County,<br><br>　　　　Defendant. | No. CV-09-0355-PHX-FJM<br><br>**ORDER** |

We have before us plaintiff Aaron Roth's "Rule 59 Motion to Alter or Amend Judgment" (doc. 47), defendant Maricopa County's response (doc. 48), and plaintiff's reply (doc. 49). Plaintiff brought an action for retaliation in violation of 42 U.S.C. § 2000-e3(a) (doc. 1).[1] In our order granting summary judgment to defendant, we concluded that plaintiff had not provided evidence of adverse employment action, and therefore could not make a prima facie case of retaliation (doc. 38). Plaintiff now argues that our judgment was based on a misconstruction of the facts. Because we find no error in our judgment, we deny plaintiff's motion for reconsideration.

**I**

At the outset, we address defendant's argument that plaintiff's motion is untimely

---

[1] Plaintiff also asserted a claim for sex discrimination, but subsequently agreed that that summary judgment was appropriate on that claim. Response to Motion for Summary Judgment at 4 (doc. 35).

1  because it is actually a motion to reconsider, and pursuant to LRCiv 7.2(g), plaintiff had to
2  file it within fourteen days of the filing of the order that is the subject of the motion.
3     We disagree. Our adoption of a local rule to regulate requests for reconsideration
4  before judgment has no effect on timely motions to amend a judgment under Rule 59(e), Fed.
5  R. Civ. P. Plaintiff contends that we erred in basing our judgment on a misconstruction of
6  the facts. Therefore, plaintiff's motion is proper and timely under Rule 59(e), Fed. R. Civ.
7  P.

**II**

9     Plaintiff argues that we misconstrued the factual record and that we viewed the facts
10 in the light most favorable to the defendant, rather than plaintiff. We have "considerable
11 discretion when considering a motion to amend a judgment under Rule 59(e)." Turner v.
12 Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003). We will only
13 grant the motion if our decision "involved a clear error of law." In re Onecast Media Inc.,
14 439 F.3d 558, 561 (9th Cir. 2006).
15    Plaintiff's motion centers on our discussion of Human Resources employee Bryan
16 Church's handling of plaintiff's resignation, and the news that his position had been
17 reclassified. Therefore, we briefly review again the relevant facts. According to Church's
18 deposition, he learned of the official reclassification of plaintiff's position on June 6, 2007.
19 DSOF, ex. 4, 24–25.[2] At that point, Church's department had already prepared the letters of
20 notification, because they had anticipated the board's final approval. Human Resources
21 planned to distribute the letters to the affected employees' supervisors, who were to give
22 them to employees the following Monday, June 11, 2007. However, plaintiff's name was
23 removed from the list of those to receive letters on May 29, 2007, the date that Human
24 Resources analyst Gordon Boesen notified Church that plaintiff had resigned. Church stated
25 that after receiving Boesen's email, he called someone at Compensation and told him that

---

[2] According to plaintiff, his reclassification had actually been approved by the Board of Supervisors on May 16, 2007.

- 2 -

1  plaintiff had resigned, and Compensation asked if plaintiff would be in his old position on
2  June 22, 2007, the date a paycheck would be issued covering the first pay period for the
3  reclassified position. When Church responded "no," the Compensation employee said, "His
4  name should be removed from the list." DSOF, ex. 4, 38, lines 15–16. At that person's
5  instruction, Church sent an email asking that plaintiff's name be taken off the list. DSOF,
6  ex. 9. Plaintiff submitted his official resignation on June 4, 2007.

**A**

8  Plaintiff argues that we erred in relying on Church's uncontroverted testimony that
9  a Compensation Section employee told him to remove plaintiff from the reclassification
10 notification list. DSOF, ex. 4. We disagree. We reject plaintiff's contention that Church's
11 email of May 29, 2007, requesting that the recipients remove plaintiff's name from the
12 "Finance/HR Study," contradicts his assertion that he was instructed by someone else to do
13 so. DSOF, ex. 9. To the contrary, Church explicitly stated that he sent that email pursuant
14 to instruction he received from a Compensation employee. Thus, there is no contradiction
15 in Church's statement.

16 Plaintiff also claims we erred in saying that Church had been told not to tell anyone
17 of the reclassification until the letters went out. According to plaintiff, Church actually said
18 in his deposition that he was not to inform anyone of the reclassification until it was
19 approved by the Board of Supervisors. DSOF, ex. 4, 15–17. Therefore, according to
20 plaintiff, as of May 16, 2007, Church was under no direction to keep the reclassification a
21 secret.

22 We do not accept plaintiff's characterization of Church's deposition. Church
23 specifically affirmed that he had been instructed not to advise any employees about possible
24 reclassification even if he had "information indicating that a position was approved for
25 reclassification." DSOF, ex. 4, 15–16, lines 22–3. Moreover, Church stated that did not
26 learn of the official reclassification of plaintiff's position until June 6, 2007. DSOF, ex. 4,
27 24.

28 Plaintiff contends that a jury could choose not to believe Church's testimony that a

1  Compensation employee had told him not to give plaintiff a reclassification letter. But
2  plaintiff points to no evidence controverting Church's statement. Plaintiff cannot create a
3  genuine issue of material fact by simply asserting that a jury could choose not to believe
4  Church's uncontested statement. To the contrary, plaintiff must "do more than simply show
5  that there is some metaphysical doubt as to the material facts." Sluimer v. Verity, Inc., 606
6  F.3d 584, 586 (9th Cir. 2010).

**B**

8  Plaintiff notes that in our summary judgment order, we erroneously stated that
9  plaintiff's resignation was effective June 4, 2007, when in fact, that was the date of the
10 official resignation letter, and his resignation was effective June 15, 2007. Therefore,
11 plaintiff was entitled to the increased salary for one pay period. While we did misstate the
12 effective date of plaintiff's resignation, we disagree that this led to any error in our judgment.
13 Even if the change in title was due to go into effect before plaintiff's last day in his old
14 position, plaintiff has introduced no evidence to suggest that Church or anyone else had a
15 duty to inform him of a reclassification that would not be effective until after plaintiff had
16 given notice of his resignation. Without such a duty, plaintiff cannot show an adverse
17 employment action.

**C**

19 Plaintiff takes issue with our conclusion that even if Church knew of plaintiff's
20 interest in the reclassification of his position, that would have imposed "no duty on Church
21 to share reclassification news ahead of schedule, and possibly in violation of an office-wide
22 policy." Order of Aug. 4, 2010 at 4 (doc. 38). Plaintiff asserts that Church did not just fail
23 to give plaintiff advance notice, but rather, actively prevented him from finding out about the
24 reclassification on schedule. According to plaintiff, Church had a duty not to deprive
25 plaintiff of the extra salary, even if for only one pay period. Plaintiff argues that the temporal
26 proximity of plaintiff's sex discrimination complaint and Church's alleged interference with
27 his notification is sufficient evidence for a jury to conclude that there was a causal link
28 between Church's actions and plaintiff's complaint. See Davis v. Team Elec. Co., 520 F.3d

1  1080, 1094 (9th Cir. 2008).

2  We disagree that Church deprived plaintiff of any opportunity to stay in his old job. Plaintiff contends that had Church done nothing, plaintiff would have received a reclassification letter sometime after June 6, 2007, when the letters were prepared. Plaintiff could then have decided for himself if he wanted to stay in his job. This ignores the fact that plaintiff submitted his official resignation on June 4, 2007. Therefore, even if Church had done nothing, the notification would have come too late for the decision to have remained entirely in plaintiff's hands. And, as already noted, Church had no duty to ensure plaintiff heard about the reclassification once plaintiff decided to resign.

### III

Because plaintiff has not shown clear error in our order granting summary judgment, **IT IS ORDERED DENYING** plaintiff's "Rule 59 Motion to Alter or Amend Judgment" (doc. 47).

DATED this 6th day of October, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge